**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000424
18-AUG-2015
07:57 AM**

NO. CAAP-15-0000424

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


In Matter of the Application of
NORTH BEACH WEST MAUI BENEFIT FUND, INC.,
a domestic non-profit corporation,


APPEAL FROM THE LAND AND TAX APPEAL COURT
(1L.D. CASE NO. 12-1-3039)

ORDER
DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
DISMISSING ALL PENDING MOTIONS AS MOOT
(By: Nakamura, Chief Judge, Fujise and Reifurth, JJ.)

Upon review of the record on appeal, it appears that we do not have appellate jurisdiction over this appeal that Movant-Appellant North Beach West Maui Benefit Fund, Inc. (North Beach West Maui Benefit Fund), has asserted from the Honorable Gary W.B. Chang's April 24, 2015 decree in case number 1LD Case No. 12-1-3039 in the land court, because the April 24, 2015 decree does not satisfy the requirements for an appealable final

judgment under Hawaii Revised Statutes (HRS) 641-1(a) (1993 & Supp. 2014), Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP) and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals from final judgments, orders, or decrees of the land court to the Hawaiʻi Intermediate Court of Appeals. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). The Hawaiʻi Rules of Civil Procedure (HRCP) apply to "[p]roceedings in the land court under chapter 501[.]" HRCP Rule 81(b)(1). The Supreme Court of Hawaiʻi has adopted HRCP Rule 58, which requires that "[e]very judgment shall be set forth on a <u>separate</u> document." (Emphasis added). Tthe Supreme Court of Hawaiʻi has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>Jenkins</u>, 76 Hawaiʻi at 119, 869 P.2d at 1338. In land court, the final separate document is called a decree rather than a judgment. <u>See</u>, <u>e.g.</u>, <u>Price v. Magoon</u>, 75 Haw. 164, 179, 858 P.2d 712, 720 (1993) ("The final decree of the land court constitutes the final judgment in a land court action and is akin to a final judgment in a civil case."). When interpreting the requirements for the separate final document under HRCP Rule 58, the Supreme Court of Hawaiʻi noted that

> [i]f we do not require a judgment that resolves <u>on its face</u> all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of

> finality, . . . and we should not make such searches
> necessary by allowing the parties the option of waiving the
> requirements of HRCP [Rule] 58.

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (citation omitted; original emphasis).

In the instant case, the April 24, 2015 decree merely declares that the land court enters a final decree, without expressly entering that final decree in favor of or against any specifically named party whatsoever, despite that HRCP Rule 58 requires such specificity under the holding in Jenkins. Instead, the April 24, 2015 decree vaguely refers to the October 8, 2014 order without referring to any particular party by name. Without any reference in the April 24, 2015 decree to any of the parties in this matter, one cannot discern the parties to whom the April 24, 2015 decree applies unless one searches beyond the April 24, 2015 decree and searches the record for other evidence of the land court's adjudication, such as the October 8, 2014 order. Such a search should not be necessary. Although the April 24, 2015 decree concludes with a statement that declares that "[t]here are no remaining claims, parties or issues in this application," the Supreme Court of Hawai'i has specifically explained that such a statement is insufficient.

> A statement that declares "there are no other outstanding
> claims" is not a judgment. If the circuit court intends
> that claims other than those listed in the judgment language
> should be dismissed, it must say so: for example,
> "Defendant Y's counterclaim is dismissed," or "Judgment upon
> Defendant Y's counterclaim is entered in favor of
> Plaintiff/Counter-Defendant Z," or "all other claims,
> counterclaims, and cross-claims are dismissed."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphasis added). Therefore, April 24, 2015 decree does not satisfy the

-3-

requirements for an appealable final judgment under HRS § 641-1(a), HRCP Rule 58, and the holding in <u>Jenkins</u>. Absent an appealable final judgment or decree that expressly enters the land court's adjudication with respect to specifically identified parties, North Beach West Maui Benefit Fund's appeal is premature and we lack appellate jurisdiction over appellate court case number CAAP-15-0000424.

IT IS HEREBY ORDERED that appellate court case number CAAP-15-0000424 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in appellate court case number CAAP-15-0000424 are dismissed as moot.

DATED: Honolulu, Hawai'i, August 18, 2015.

Chief Judge

Associate Judge

Associate Judge

-4-